IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM MASKELUNAS, LG-3446, )
    Petitioner, )
     )
    v. ) 2:14-cv-800
     )
COM. OF PENNSYLVANIA, et al., )
    Respondents. )

I. Recommendation:

It is respectfully recommended that the petition of William Maskelunas for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

William Maskelunas has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Maskelunas is presently incarcerated at the State Correctional Institute – Pine Grove serving a one to two year sentence to be followed by a two year period of probation following his conviction upon a plea of guilty to charges of forgery and procurement of drugs by forgery at No CP-02-CR-15415-2009 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on April 21, 2010.[1] No appeal was pursued although the docket sheet reflects that on July 26, 2012 petitioner filed a motion to modify sentence which was treated as a post-conviction petition and denied on February 11, 2013. Again, no appeal was pursued.

Petitioner now comes to this Court and alleges that on April 9, 2014, the Court of Common Pleas, acting without jurisdiction modified his probation from county probation to state probation supervision.[2] The docket sheet does not reflect any such order.

It is provided in 28 U.S.C. §2254(b) that:

---

[1] See: Petition and Allegheny County Court of Common Pleas Docket CP-02-CR-15415-2009.
[2] See: Petition at ¶ 5.

1

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that the applicant has exhausted the remedies available in the courts of the State,
> or that there is either an absence of available State corrective process or the
> existence of circumstances rendering such process ineffective to protect the rights
> of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied - the state-court adjudication resulted in a decision that (1)
> "was contrary to ... clearly established Federal law, as determined by the Supreme
> Court of the United States," or (2) "involved an unreasonable application of ...
> clearly established Federal law, as determined by the Supreme Court of the
> United States." Under the "contrary to" clause, a federal habeas court may grant
> the writ if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court

    identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. <u>Harrington v. Richter</u>, 131 S.Ct. 770 (2011).

    In the instant case, it is apparent from the record that the petitioner has not challenged the April 9, 2014 Order in the courts of the Commonwealth nor has he demonstrated that he is any way barred from doing so by the state courts. For this reason he has not exhausted the available state court remedies and his petition here is subject to dismissal. Accordingly, it is recommended that the petition of William Maskelunas for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

    Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: July 1, 2014    United States Magistrate Judge